### JAMES BLACKWELL v. W. D. HUNTER.

**Agency—Sale of Real Estate.**
>    Where an attorney in fact is the agent of A and collects a check for his principal, he cannot be compelled to account for and pay over the proceeds to B on an alleged claim of B that the money is due him from A for the purchase of real estate.

#### APPEAL FROM OWEN CIRCUIT COURT.

October 21, 1874.

OPINION BY JUDGE LINDSAY:

The cause of action set out in the petition is that Blackwell, as the attorney in fact of Hunter, collected for him a check drawn in his favor by Hugh Bradley, and refused to account for and pay over the proceeds.

When Hunter was sworn as a witness in his own behalf, he stated that Blackwell held the check as agent for Bradley, and that he (Hunter) refused to receive it, claiming that he had sold his land to Bradley for money, and that he would receive nothing else in payment. It is evident from Hunter's own testimony, that he never was actually or constructively in possession of the check, and that Blackwell held it all the while as the agent of Bradley. Hunter signed the power of attorney to enable Blackwell to collect the check, merely

because it was so drawn as to make his signature requisite for that purpose, and not because he owned or pretended to own it.

After Blackwell returned from Covington with the money, Hunter distinctly recognized the fact that the money was not his, and was not held by Blackwell as his agent, by entering into a new agreement with him relative to the price to be paid for the land. The court below should have instructed as in one of a non suit, because the plaintiff's own testimony showed that he was not entitled to a recovery on the cause of action set up in the petition.

But if Blackwell be treated as holding the money for Bradley, charged with the duty of paying it to Hunter, and it be admitted that he could be sued by Hunter without joining Bradley as a co-plaintiff, still Hunter can not recover on the proof. The promise of Blackwell, as the agent of Bradley, is supported by no consideration. It is not proved that either Bradley or Blackwell are, or ever were in the actual possession of the land. The contract of sale has never been reduced to writing, and therefore Bradley can not compel Hunter to execute it, and even in this action Hunter does not offer to convey. If the judgment appealed from is allowed to stand, Hunter will receive the agreed consideration for the land, and will retain the title, leaving Bradley without any written evidence of his purchase, and therefore powerless to compel a conveyance; and worse than all that, the party compelled to pay the consideration is one who never had any interest in the transaction, except as agent for the purchaser, and who may be without remedy against any one. The instructions given on appellant's own motion, do not conform to our views of the law, and are less favorable to him than they should be. The motion for a new trial should have prevailed. The finding of the jury is against all the testimony, and in the face of the instructions of the court.

Judgment *reversed* and cause remanded for a new trial upon principles consistent with this opinion.

*T. N. & D. W. Lindsey, for appellant.*
*George C. Drane, H. P. Montgomery, for appellee.*

